IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| REGINALD TODD HYMAN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | 1:20CV380 |
| ) | 1:02CR295-1 |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner in this action brings a Motion [Doc. #127] to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. He was convicted in this Court following a jury trial of one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and one count of discharging a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(iii). Petitioner originally received a sentence of 280 months imprisonment as an Armed Career Criminal for the conviction under § 922(g), and received a consecutive sentence of 120 months imprisonment for the discharging a firearm conviction under § 924(c). Following a change in law, Petitioner filed what ultimately proved to be a successful motion under § 2255 in case 1:12CV647. This resulted in a resentencing and an Amended Judgment [Doc. #121] in which Petitioner received a sentence of 120 months of imprisonment for the § 922(g) conviction and a consecutive sentence of 170 months for the § 924(c) conviction. Petitioner did not file a direct appeal of the Amended Judgment, but did file his current Motion under § 2255. The Government filed a Response [Doc. #139]

1

opposing Petitioner's current Motion. Despite being notified by the Court of his right to file a Reply, Petitioner has not done so. Petitioner's Motion is now before the Court for a decision.

Claims

Petitioner's current Motion raises a single claim for relief in which he contends that his conviction under § 922(g) is not valid because he "[d]idn't know possessing a firearm would put [him] in a class of persons (922g) barred from possessing a firearm." (Petitioner's Motion, § 12, Ground One.) The Motion also references "the pending § 922g cases" at the time of his resentencing in late 2019. (Id., Ground One(b).) The nature of his claim and timing of the resentencing indicate that Petitioner seeks to raise a claim challenging his § 922(g) conviction based on Rehaif v. United States, 139 S. Ct. 2191 (2019), and to join numerous other petitioners in this District and other courts challenging § 922(g) convictions based on that case.

Discussion

The Government first opposes Petitioner's Motion by claiming that it is a second or successive motion under § 2255 which this Court would not have jurisdiction to hear absent Petitioner first receiving authorization to file it from the United States Court of Appeals for the Fourth Circuit. See 28 U.S.C. § 2255 and 28 U.S.C. § 2244. The Government cites no authority for the proposition that a motion filed under § 2255 following a successful § 2255 motion and resentencing resulting in a new judgment is a second or successive motion which needs authorization. In fact, it is not. See In re Gray, 850 F. 3d 139 (4th Cir. 2017) (holding that a petition under 28 U.S.C. § 2254 was not second or successive within the meaning of § 2244(b) where a petitioner filed a § 2254 petition challenging his sentence which resulted in

2

a new sentence and judgment and then filed a later petition challenging his conviction) and United States v. Jones, 681 F. App'x 294 (4th Cir. 2017) (applying the holding in Gray to a motion under § 2255). Therefore, the Court will consider Petitioner's Motion on its merits.

As stated above, Petitioner attempts to challenge his conviction under Rehaif by contending that he did not know he was in the class of persons prohibited from possessing a firearm by § 922(g). Under § 922(g)(1), any person "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year" is prohibited from possessing a firearm. Petitioner appears to argue that the Government should have been required to prove that he knew his possession of the firearm in question was illegal. However, according to Rehaif, "the Government must prove both that the Defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." Rehaif 139 S. Ct. at 2220. There is no requirement that he also know that his possession is against the laws.

Petitioner does not deny that he possessed a firearm. Instead, he claims only that his possession of the firearm was justified based on a threat to his safety. This does not raise a claim under Rehaif and would instead have been a defense at his trial. As for belonging to the category of prohibited persons under § 922(g), it was not Petitioner's possession of the firearm that placed him in such a category, which in his case was persons convicted of crimes "punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 922(g)(1). Instead, it was his prior criminal record. Under Rehaif, the Government only needs to allege and prove that a defendant knew he was convicted of such a crime, not that he knew that the conviction barred his weapon possession. Further, following the filing of Petitioner's Motion, the United

3

Case 1:02-cr-00295-TDS   Document 142   Filed 11/30/21   Page 3 of 5

States Supreme Court decided the case of Greer v. United States, 141 S. Ct. 2090 (2021), which involved two cases with similar claims under Rehaif that were raised for the first time on direct appeal and subject to plain error analyses. To obtain relief in a plain error review, an appellant must show that an error occurred, that the error was plain, and that the error affected "substantial rights," which generally means that there must be "'a reasonable probability that, but for the error, the outcome of the proceeding would have been different.'" Id. at 2096 (quoting Rosales-Mireles v. United States, 138 S. Ct. 1897, 1904-05 (2018)). The Supreme Court noted in performing this analysis that "demonstrating prejudice under Rehaif 'will be difficult for most convicted felons for one simple reason: Convicted felons typically know they're convicted felons.'" Id., 141 S. Ct at 2098 (quoting United States v. Lavalais, 960 F.3d 180, 184 (2020)). The Court therefore concluded that "a Rehaif error is not a basis for plain-error relief unless the defendant first makes a sufficient argument or representation on appeal that he would have presented evidence at trial that he did not in fact know he was a felon." Id. at 2100.

The burden for a petitioner proceeding under § 2255 is even higher than for a defendant attempting to show plain error on direct appeal. See United States v. Frady, 456 U.S. 152, 166 (1982) (rejecting "use of the 'plain error' standard to review § 2255 motion" and stating "that to obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal"). Further, in light of the standard set out above, at a minimum to establish prejudice Petitioner would at least have to make a sufficient argument or representation that he could have presented evidence that he did not know he was convicted of a crime punishable by more than a year. He utterly fails to do so and, in fact, never actually

4

claims that he did not know he had a prior felony conviction at the time he possessed the firearm in question. Instead, he claims only that he possessed the firearm out of necessity due to being attacked. Moreover, as set out in the Presentence Report in Petitioner's criminal case, he had previously been convicted of felony possession with intent to sell or deliver Schedule II and Schedule IV controlled substances for which he received a ten-year sentence; felony possession with intent to sell and deliver a Schedule II controlled substance and assault with a deadly weapon inflicting serious injury for which he received a ten-year sentence; and felony possession with intent to sell and deliver a Schedule VI substance for which he received a five-year sentence; and for those convictions he served six years in prison before being paroled. (Presentence Report [Doc. #80], ¶¶ 32, 34, 36.) Petitioner does not contend that he did not know of these convictions or that he did not know he could have received a sentence of more than a year of imprisonment for them at the time he possessed the firearm in the instant case. Therefore, his claim fails and should be denied.

IT IS THEREFORE RECOMMENDED that Petitioner's § 2255 Motion [Doc. #127] be denied, that this action be dismissed, and that, there being no substantial issue for appeal concerning the denial of a constitutional right affecting the conviction nor a debatable procedural ruling, a certificate of appealability not issue.

This, the 30th day of November, 2021.

    /s/ Joi Elizabeth Peake
United States Magistrate Judge